| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, New Jersey 07920<br>Counsel to TerrificCo, LLC, Milch Investment Holdings, LLC and Michael A. Artsis<br><br>**Daniel M. Stolz, Esq.**<br>**Gregory S. Kinoian, Esq.** | Order Filed on September 23, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>**BE TERRIFIC!!, CORP. d/b/a**<br>**BE TERRIFIC CORP.,**<br><br>                        Debtor. | Chapter: 7<br>Case No.:  20-22452 (VFP)<br><br>Judge:  Vincent F. Papalia<br><br>Hearing Date:  September 20, 2022<br>                              10:00 a.m. |

**ORDER: (A) REOPENING CASE TO DETERMINE MOTION SEEKING ENFORCEMENT OF ORDER APPROVING SETTLEMENT AND ASSET PURCHASE AGREEMENT ENTERED ON APRIL 6, 2021 (DOC. NO. 18); (B) GRANTING IN PART AND DENYING IN PART REQUESTED RELIEF; AND (C) GRANTING RELATED RELIEF, INCLUDING IMMEDIATE RE-CLOSING OF  CASE**

      The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

**DATED: September 23, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

THIS MATTER, having been brought before the Court upon the Omnibus Motion (Doc. No. 36) filed on behalf of TerrificCo, LLC and Michael Artsis (collectively, "Movants"), by and through their counsel, seeking, among other relief, entry of an Order: (a) pursuant to 11 U.S.C. § 350, reopening of this case and (b) enforcing, pursuant to 11 U.S.C. §105, that certain Order Approving Settlement and Asset Purchase Agreement entered by this Court on April 6, 2021 (Doc. No. 18) (the "Settlement/Sale Approval Order"), and the terms of the Settlement and Asset Purchase Agreement (Doc. No. 15-2) approved thereby; and Movants having served notice of the Omnibus Motion on Carmen MacPherson, plaintiff (the "Plaintiff") in that certain civil action entitled <u>MacPherson, Plaintiff, v. BeTerrific!!, Corp., TerrificCo, LLC (d/b/a BeTerrific Tech), and Michael Artsis, Defendants</u>, currently pending before the State Court of New Jersey, Law Division, Civil Part, Bergen County (the "State Court") under Docket No. BER-L-2082-20 (the "State Court Action") and Plaintiff's counsel of record in the State Court Action, Paul Castronovo, Esq. of Castronovo and McKinney, LLC ("Plaintiff's Counsel"); and also seeking an Order granting that portion of the Omnibus Motion requesting, pursuant to 11 U.S.C. § 350(b), the reopening of the above-captioned Chapter 7 case (this "Case"); and the Court hereby finding such notice of the Omnibus Motion to be good and sufficient; and the Court having entered an Order to Show Cause with Temporary Restraints (the "OTSC") on September 2, 2022 (Doc. No. 41) after a hearing held on September 1, 2022; and the OTSC having established a briefing schedule on the Omnibus Motion and having temporarily stayed discovery and other proceedings in the State Court Action; and the Court held a hearing regarding the Omnibus Motion on September 20, 2022, with appearances of counsel and parties being duly noted on the record thereof; and the Court having considered the papers submitted in support of the Omnibus Motion, in opposition thereto (Doc. No. 48) and in reply thereto (Doc. No 51), as well as a revised form of proposed Order submitted by Movants

(Doc. No. 52), and the Court also having considered the arguments of counsel at the hearing; and the Court having determined that good and sufficient cause exists for entry of this Order as set forth herein and for the reasons set forth on the record at the hearing,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

  A. This Court has jurisdiction to consider the relief requested in the Omnibus Motion, including that portion thereof seeking enforcement of this Court's Settlement/Sale Approval Order, pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 105(a) and Sections 5.08(a) and 6.03 of the Settlement and Asset Purchase Agreement approved pursuant to the Settlement/Sale Approval Order.

  B. Resolution of this Omnibus Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

  C. Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Section 6.03 of the Settlement and Asset Purchase Agreement.

  D. As parties to the Settlement and Asset Purchase Agreement, each Movant has the requisite standing pursuant to Fed. R. Bankr. P. 5010 as a party-in-interest.

  E. In accordance with the Settlement/Sale Approval Order and 11 U.S.C. § 363(f), Movant TerrificCo acquired the assets of the Debtor BeTerrific!!, Corp. free and clear of liens, claims, encumbrances and interests.

  F. Section 1.03 of the Settlement and Asset Purchase Agreement defines "Assumed Liabilities" as those liabilities of the Debtor's estate that TerrificCo expressly agreed to assume, and "Excluded Liabilities," those liabilities of the Debtor's estate that TerrificCo expressly agreed not to assume. The claims and causes of action asserted by Plaintiff in the State

Court Action against Movant TerrificCo were intended to be Excluded Liabilities, as defined in Section 1.03 of the Settlement and Asset Purchase Agreement.

G. Sections 6.06 and 6.07 of the Settlement and Asset Purchase Agreement set forth mutual general releases exchanged between the Chapter 7 trustee, on behalf of the Debtor's estate, and Movant Artsis. The alter ego, successor liability, piercing the corporate veil and/or any similar claims and causes of action asserted by Plaintiff in the State Court Action against Movant TerrificCo are property of the estate and are included among, and constitute claims and causes of action that are within the scope of the mutual general releases set forth in Sections 6.06 and 6.07 of the Settlement and Asset Purchase Agreement.

H. Plaintiff and Plaintiff's Counsel were included on the Debtor's Creditor Matrix filed with the bankruptcy petition commencing this Case (the "Petition") at the addresses indicated in Plaintiff's original Complaint filed in the State Court Action.

I. Plaintiff's potential claim against the Debtor was included on Schedule F filed with the Petition.

J. Plaintiff's Counsel was also included on Schedule F as an additional notice party.

K. The State Court Action was identified on the Statement of Financial Affairs filed with the Petition.

L. Plaintiff admits that a Notice of Automatic Bankruptcy Stay regarding the commencement of this Case was filed on November 9, 2020 in the State Court Action and received by Plaintiff's Counsel.

M. The record of this Case establishes that Plaintiff and Plaintiff's Counsel were given actual notice by first-class mail from the Bankruptcy Court of, among other things, the commencement of this Case (Doc. No. 3), the March 15, 2021 deadline by filing proofs of claim

(Doc. No. 12), the Chapter 7 trustee's *Notice of Proposed Compromise or Settlement of Controversy* and the March 30, 2021 objection deadline with respect thereto (Doc. No. 14), and the filing of the Chapter 7 Trustee's Final Report, which included the Trustee's Proposed Distribution, and the objection deadline with respect thereto (Doc. No. 31).

N. The record of this Case establishes that neither Plaintiff nor Plaintiff's Counsel on her behalf took any action in this Case prior to responding to the Omnibus Motion and the OTSC.

O. This Court has received no evidence supporting any claim (or otherwise indicating) that the transactions relating to the Settlement and Asset Purchase Agreement or its approval pursuant to the Settlement/Sale Approval Order constitute a fraud upon this or any other Court, including the State Court.

P. Plaintiff, by and through her Counsel, in her Opposition Papers to the Omnibus Motion acknowledged that she would dismiss TerrificCo with prejudice from the State Court Action.

Q. Plaintiff, by and through her Counsel, in her Opposition Papers to the Omnibus Motion further acknowledged that she would dismiss with prejudice BeTerrific!! from the Amended Complaint in the State Court Action. BeTerrific!! had previously been dismissed with prejudice from the Amended Complaint pursuant to that certain Order entered therein on March 4, 2022, The Amended Complaint was filed in the State Court Action on April 5, 2022, after said March 4, 2022 Order, and nonetheless continued to name BeTerrific!! and TerrificCo as Defendants therein.

R. The findings, determinations and holdings set forth on the record at the hearing on the Omnibus Motion are incorporated herein by reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, effective as of the date set forth above, as follows:**

1. That portion of the Omnibus Motion seeking reopening of this case is granted for the limited purpose of determining the Omnibus Motion and entering this Order.

2. No Trustee shall be appointed.

3. This case shall be re-closed on the date this Order is entered on the docket.

4. That portion of the Omnibus Motion seeking enforcement of the Settlement/Sale Approval Order and the terms of the Settlement and Asset Purchase Agreement approved thereby is hereby **GRANTED in PART and DENIED in PART** as set forth herein.

5. That portion of the Omnibus Motion seeking enforcement of the Settlement/Sale Approval Order and the Settlement and Asset Purchase Agreement by enjoining Plaintiff from prosecuting her claims against Be Terrific!! and TerrificCo in the State Court Action (or in any other forum) is **GRANTED**. Plaintiff shall cease and desist from prosecuting the State Court Action against BeTerrific!! and TerrificCo.

6. That portion of the Omnibus Motion seeking enforcement of the Settlement/Sale Approval Order and the Settlement and Asset Purchase Agreement by enjoining Plaintiff from prosecuting her claims against Mr. Artsis, individually, in the State Court Action (or in any other forum) is **DENIED**. Those claims are particularized and specific to Plaintiff, are not property of the estate and therefore were not released or otherwise affected by Settlement and Asset Purchase Agreement or the Settlement/Sale Approval Order. See generally *In re Emoral, Inc.*, 740 F. 3d 875 (3d Cir. 2014).

7. Plaintiff shall cause BeTerrific!! and TerrificCo to be dismissed, each with prejudice, from the State Court Action. Defendants in the State Court Action shall provide reasonable cooperation to Plaintiff in effecting such dismissal.

8. Plaintiff is and shall be immediately and permanently enjoined from asserting in the State Court Action (or in any other action) any claims against Be Terrific!!, Corp. (the above-captioned Debtor), TerrificCo or any of their respective affiliates, successors or assigns (other

than Mr. Artsis), that arose prior to the commencement of this Case or during the pendency of the Case or in any way relating to, arising from or concerning the Chapter 7 trustee's sale of Be Terrific!!, Corp.'s assets and the Chapter 7 trustee's settlement with the parties to the settlement in accordance with the Settlement/Sale Approval Order and the Settlement and Asset Purchase Agreement approved thereby; *provided*, *however*, that nothing in this Order prevents, precludes or enjoins Plaintiff from: (i) asserting and prosecuting in the State Court Action (or otherwise) any rights, claims, remedies and defenses she may have against Mr. Artsis, individually, with all of Plaintiff's and Mr. Artsis' respective rights, claims, remedies and defenses, at law, in equity and in fact, being hereby expressly preserved; or (ii) taking discovery from or relating to Mr. Artsis, BeTerrific Corp., or TerrificCo, subject to any appropriate objections under applicable State law.

9. For purposes of clarity, the entry of this Order has no impact or effect on Plaintiff's rights, claims, remedies and defenses against Mr. Artsis, individually, or on Mr. Artsis' rights, claims, remedies and defenses against Plaintiff.

10. This Court does not have subject matter jurisdiction over the rights, claims, remedies and defenses of Plaintiff and Mr. Artsis, individually, as against each other.

11. The Temporary Restraints set forth in this Court's September 2, 2022 Order staying discovery and other proceedings in the State Court Action are hereby dissolved and terminated, effective immediately.

12. This Order shall be effective immediately upon its entry.

13. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order (other than with

- 8 -

respect to Plaintiff's and Mr. Artsis' rights, claims, remedies and defenses as against each other).